no evidentiary value insofar as they relate to the circumstances surrounding the preparation of the sugar statements by the shippers, as to which they are purely hearsay. Counsel for the plaintiff at the trial stated that due to the fact that World War II was being waged, it was impossible to communicate with anyone in the Philippine Islands at the time this protest was filed and for a long time thereafter. It is the opinion of the court that in view of the changed circumstances the ends of justice would best be served by restoring the case to the docket in order that the circumstances which moved the shipper to file an amended sugar statement may be presented in the form of proper and acceptable evidence.

In view of the state of the record we consider it unnecessary to discuss the various questions presented on the merits.

It is the order of the court that the case be restored to the docket for the reasons above stated.

Upon the second hearing at the port of entry plaintiff's counsel produced no additional evidence but offered a document on customs Form 4371, which was part of the original file, entitled "Memorandum to Accompany Invoice." The admission of this document was objected to by Government counsel on the grounds (1) that it related to the advisory classification by an examiner, which is not binding upon the collector, and (2) that it was dated subsequent to the 90 days within which the collector under the statute may review his decision (section 515, Tariff Act of 1930).

Government counsel cited in support of the Government's position the case of *Oakland Food Products Co. et al.* v. *United States*, 32 C. C. P. A. (Customs) 28, C. A. D. 281, in which the court held that an appraiser's report is advisory only and does not bind the collector, and further, that the appraiser's answer to a protest is not competent evidence when not filed within the time required by the regulations. Under authority of that case, the document was held inadmissible by the judge hearing the case. No objection was taken to this ruling. No additional evidence was offered.

We find that plaintiff has failed to support its claim. The protest is therefore overruled.

Judgment will be rendered for the defendant.

**No. 52228.**—G. W. Sheldon & Co. et al. *v.* United States, protests 38997–K/89570, etc. (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 52229.**—H. C. Cohn & Co. *v.* United States, protests 52894–K, etc. (Rochester).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 52230.**—American Import Company v. United States, protests 58640–K (A), etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 52231.**—B. Altman & Co. v. United States, protests 61184–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

MARCH 22, 1948

**No. 52232.**—SUIT 4561.—Hing Wah Tai & Co. v. United States.— —C. D. 1022 affirmed January 27, 1948. C. A. D. 379.

**No. 52233.**—SUIT 4570.—United States v. Maurice Lobsitz.— —Abstract 51341 affirmed January 27, 1948. C. A. D. 386.